10-3174-ag
Jin v. Holder

BIA
A096 262 382
A094 778 715

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT:
      DENNIS JACOBS,
         *Chief Judge,*
      RAYMOND J. LOHIER, JR.,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

ZE SHENG JIN, REN HUA LI,
      *Petitioners,*

      v.                      10-3174-ag
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONERS:     Scott E. Bratton, Cleveland, Ohio

FOR RESPONDENT:     Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Christina J.

**Martin, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ze Sheng Jin and Ren Hua Li, natives and citizens of China, seek review of a July 6, 2010, decision of the BIA denying their motion to reopen. *In re Ze Sheng Jin, Ren Hua Li*, Nos. A096 262 382, A094 778 715 (B.I.A. July 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA evaluates country conditions evidence, we review that determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Petitioners' November 2009 motion to reopen was untimely because the BIA entered a final administrative order of removal in August 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

2

However, the time limitation does not foreclose a motion to reopen asylum proceedings that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i). Petitioners argue that the BIA abused its discretion in concluding that they failed to establish such changed country conditions.

Petitioners' argue that the BIA failed to properly consider several letters they submitted from friends and family members in China, but we presume that the agency "has taken into account all of the evidence before [it] unless the record compellingly suggests otherwise". *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) And, there is no indication that the BIA ignored any of the evidence; indeed, the BIA specifically referred to the letters in its decision, noting that, given the other evidence, they were not sufficient to indicate a change in Chinese government policy.

Petitioners argue that the BIA abused its discretion in giving more weight to the United States Department of State 2008 Human Rights Report on China than to other materials in evidence. However, the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency. *Xiao Ji Chen*, 471 F.3d at 342. *See also Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (concluding that State Department reports are probative).

Nor did the BIA err in concluding that Petitioners failed to demonstrate changed country conditions for Christians in China. Based on the record evidence, the BIA reasonably concluded that the Chinese government restricted the practice of religion prior to Petitioners' 2006 merits hearing, and has continued to do so, but that the evidence did not indicate that such repression had materially worsened so as to warrant reopening of Petitioners' case. Cf. *Norani v. Gonzales*, 451 F.3d 292, 244-45 (2d Cir. 2006) (abuse of discretion for BIA to deny motion to reopen in light of "substantial record evidence" of worsened country conditions in Iran).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk